# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08 CR 59

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Vs. )<br>)<br>JAMARUS MARQUIS SUTTON. )<br>_____ ) | ORDER |

**THIS CAUSE** came on to be heard and was heard before the undersigned, pursuant to a letter (#74) that was sent to United States District Judge Lacy Thornburg by the defendant on January 15, 2009. In the correspondence, the defendant requests that he be appointed substitute counsel for his present court appointed attorney R. Edward Hensley, Jr. Upon the call of this matter on for hearing, it appeared that the defendant was present and Mr. Hensley, counsel for the defendant, was not present and the Government was represented by Assistant United States Attorney Don Gast. The court requested that the Clerk's office attempt to contact Mr. Hensley. The Clerk reported back that the telephone calls that were made to Mr. Hensley's office on January 20, 2009, the date of the hearing of this matter, were not answered. The Clerk further attempted to contact Mr. Hensley at his home telephone number and the Clerk received a message that the telephone had been disconnected. As a result of being unable to contact Mr. Hensley and the need to expedite this matter, the undersigned determined to go forward with the hearing.

**Findings**. The court made inquiry of the defendant in this matter to determine the reasons why the defendant did not wish for Mr. Hensley to represent him in this matter. The defendant advised he had been told by Mr. Hensley that Mr. Hensley would come to see him after the presentence report was prepared. The defendant received notification from the probation office that the presentence report had been prepared and examined the report. The defendant wanted to raise some objections to the report but Mr. Hensley has not yet been to see the defendant. The undersigned examined the report (#70) which appeared to have been filed on January 7, 2009. In the letter to the district court, the defendant reported that he had not heard from nor seen Mr. Hensley from and after August 25, 2008 which was the date the defendant entered a plea of guilty in this matter. Further review of the file showed to the court that a presentence investigation report (#65) had been filed on December 15, 2008 and then later a report (#70) dated January 7, 2009 had been filed.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S.

1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why the defendant does not wish for Mr. Hensley to represent him further; and, (3) whether or not there is such a conflict between the defendant and Mr. Hensley that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

The draft presentence investigation report in this matter was filed on December 15, 2008. Thereafter the defendant did not have any contact from his counsel. There were no objections filed to the draft report which then became the final presentence investigation report on January 7, 2009. The defendant has still not had any contact from his counsel despite the fact the defendant wished to present objections to the presentence report. The defendant has timely made a motion for substitution of counsel. This factor must be weighed in favor of granting the defendant's motion.

The undersigned inquired as to the reasons for the conflict between the defendant and his attorney. It appears that the defendant's attorney has not visited the defendant nor discussed with him either presentence investigation report and as a result, the defendant has not been allowed to raise any objections he might have to the reports. This degree of conflict must be weighed in favor of allowing the motion.

The court has further examined the matter to determine whether or not there is such conflict between the defendant and Mr. Hensley that there is a total lack of communication between them preventing an adequate defense. There has been a total lack of communication between the defendant and Mr. Hensley. Mr. Hensley has not contacted the defendant in regard to the draft or the final presentence investigation reports nor has Mr. Henlsey been to visit with the defendant.

After considering all the factors, it appears that the defendant has shown sufficient cause and reason for the undersigned to allow the defendant's motion to substitute counsel and to appoint another attorney in this matter.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the letter (#74) of the defendant to the district court which the undersigned has considered as a motion to substitute counsel is **ALLOWED** and substitute counsel be appointed by the Federal Defenders' Office as soon as practicable and substitute counsel immediately file a motion with the district court requesting an extension of any time limits that there may be for the defendant to file objections to the presentence investigation reports so that the defendant's objections may be presented in this matter.

Signed: January 28, 2009

*Dennis L. Howell* (signature)

Dennis L. Howell
United States Magistrate Judge