# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13 cr 59-4

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JAMARUS MARQUIS SUTTON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Before the Court is a violation report and addendum filed by the United States Probation Office alleging Defendant violated terms and conditions of his prehearing release. On August 10, 2018, the Court held a bond revocation hearing joined with a hearing on the addendum [# 253]. Defendant was present with his counsel, Joseph Carroll Bowman, and the Government was present through AUSA Daniel Bradley. From the evidence offered, the statements of the Government and Defendant, and the records in this cause, the Court makes the following findings.

**Findings**. On June 3, 2008, the grand jury issued an indictment charging Defendant with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. [# 1]. On August 25, 2008, Defendant pleaded guilty to the drug conspiracy charge. [# 52]. On April 7, 2009, the District Court sentenced Defendant to a term of imprisonment of 120 months, 5 years of supervised release, a $100 special assessment, and court appointed counsel fees. [# 118]. On December 9, 2016, Defendant began his supervised release. [*See* # 213].

On September 21, 2017, the U.S. Probation Office petitioned for a warrant alleging

Defendant had violated the terms and conditions of his supervised release. [# 213]. On December 22, 2017, the District Court sentenced Defendant to a term of imprisonment of 5 months, 36 months of supervised releasee, and to pay the remaining balance on court appointed counsel fees. [# 255]. On April 13, 2018, Defendant again began supervised release. [*See* # 246].

On June 29, 2018, the U.S. Probation Office filed a petition for a warrant alleging Defendant had violated the terms of his supervised release. [# 246]. On February 22, 2018, this Court released Defendant pending his final supervised release revocation hearing. The Court released Defendant on a $25,000 unsecured bond and terms and conditions of pretrial release. [# 249, # 250]. The Court's terms and conditions of pretrial release included:

> (8)(y) The defendant must one week from today, own [a] cell phone. Give telephone immediately to Probation Officer. Contact probation officer one time a day. Leave message if need to. Live with aunt or where probation officer tells you to live.
>
> (8)(r) The defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.

On August 3, 2018, the U.S. Probation Office filed an addendum to its previous violation report. [# 253]. On August 6, 2018, the U.S. Probation Office filed a new petition for a warrant alleging Defendant had violated the terms of his prehearing release. [# 254]. On August 8, 2018, Defendant was arrested. On August 10, 2018, Defendant appeared before this Court for his bond revocation hearing joined with a hearing on the addendum. At the call of the matter, the Defendant denied the allegations in the report and addendum. The Government then presented evidence through United States Probation Officer Jenny

Whiteside.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows:

The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—

(1)   finds that there is—
(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any other condition of release; and

(2)   finds that—
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the Court finds there is clear and convincing evidence to believe that Defendant has violated two terms and conditions of his release: not contacting his probation officer daily (regardless if he obtained a cell phone); and failing to comply with drug treatment requirements.

The Court clearly explained to Defendant that he was to contact his probation officer once a day, regardless if he was able to obtain a cell phone. The Court told Defendant that his probation officer was his friend and that if he was having trouble with his supervised release, he was to communicate that to the officer. Defendant failed to contact his probation officer as directed to by the Court. While he might not have been able to afford a cellphone

at that time Defendant should have: (1) told his probation officer as such (the Court would have likely given him an extension); and (2) still contacted his probation officer once a day.

Further, the Court finds Defendant failed to comply with substance abuse therapy as advised by his probation officer. Again, Defendant did not communicate to the probation officer that perhaps the time scheduled for his intake session would be a hardship. Instead, Defendant showed up late and, therefore, was unable to get assessed. Defendant then rescheduled his intake for the next day and subsequently did not show to that appointment as well. Based on the Defendant's previous track record while one supervised release, the Court cannot construe these as 'minor' violations.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. The Court believes that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result, the Court has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

# ORDER

**IT IS, THEREFORE**, **ORDERED** the unsecured bond [# 249] and terms and conditions of pretrial release [# 250] entered in this matter are hereby **REVOKED** and it is **ORDERED** Defendant be detained pending further proceedings in this matter.

Signed: August 14, 2018

Dennis L. Howell
United States Magistrate Judge